Gabrielli, J.
In this article 78 proceeding, petitioner, a New Jersey corporation which carries on widespread dredging and other marine construction operations in various States and foreign countries, seeks to annul the determination of respondent State Tax Commission which assessed a sales and use tax of $288,134.28 plus interest against petitioner. During the period from August 1, 1965 through May 31, 1968, the period upon which the assessment is based, petitioner conducted dredging operations in Albany County, Erie County and New York City.
The sole issue, as limited by petitioner’s brief, is whether vessels and supplies used in connection therewith are entirely exempt from the sales and use tax by virtue of the provisions of section 1115 (subd [a], par [8]) of the Tax Law which exempts from such tax "[c]ommercial vessels primarily engaged in interstate or foreign commerce and property used by or purchased for the use of such vessels for fuel, provisions, supplies, maintenance and repairs”.
Following a hearing, the State Tax Commission assessed a sales and use tax against two dredges, two cranes, a drillboat, a tugboat and 11 scows, as well as supplies expended on these and other vessels owned and used by petitioner in New York dredging operations. The commission found that the equipment was moved across State lines for the purpose of assembling at a job site and, of course, dispersing after the job is completed but that in general the movement of dredges is restrictively limited, and that the actual work is performed while the dredge is fixed in one place by a special type of anchor which extends to the floor of the harbor or riverbed. It was specifically found that the dredges, drillboats and cranes did not move across State lines while engaged in their usual work tasks. However, some tugboats and scows which were *78 used to haul disposal materials did cross State lines to dump their loads. Nonetheless, the commission found the evidence submitted by petitioner was not sufficient to show that the activity of these boats, together with all the other evidence, brought the operation within the exclusionary provision of the statute.
The commission determined that the use tax was applicable to the vessels and supplies purchased for them and that the statutory exemption (Tax Law, § 1115, subd [a], par [8]) does not apply to dredging operations because such operations were found to be and are most appropriately recognized as a part of local and not interstate commerce; and that with respect to the exemption claimed for the tugs and scows operating in and out of the State, the lack of proof as to the time each vessel was so operating (a burden not met by petitioner), was fatal to petitioner’s claim. The Appellate Division annulled the determination and granted the petition concluding that the waterways petitioner dredges are "the very arteries of interstate travel” and thus reasoned that the business of improving them must be in interstate commerce.
Preliminarily, it should be made clear that where there is no evidence, and indeed there is none here, that any other jurisdiction has imposed a sales or use tax on the items sought to be taxed, no constitutional problem of burdening interstate commerce by multiple taxation confronts us (Matter of Atlantic Gulf & Pacific Co. v Gerosa, 16 NY2d 1, app dsmd 382 US 368; see Southern Pacific Co. v Gallagher, 306 US 167; cf. US Const, art I, § 8). Nor can it be successfully contended that vessels and supplies used in dredging operations are still in the stream of interstate commerce or do not have a taxable moment in this State, for we rejected that very assertion in Atlantic Gulf (16 NY2d, at pp 7-8, supra; see, also, United Air Lines v Mahin, 410 US 623; Southern Pacific Co. v Gallagher, supra; Eastern Air Transp. v Tax Comm., 285 US 147; Matter of United Air Lines v Joseph, 281 App Div 876, mot for lv to app den 306 NY 981).
The general rules applicable to the interpretation of a statute creating an exemption from tax are set forth in Matter of Young v Bragalini (3 NY2d 602, 605-606) where we stated:
"Where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the court’s *79 function is limited (Board v. Hearst Publications, 322 U. S. 111, 131). In such matters we may not substitute our judgment in place of the judgment of the administrative agency where reasonable minds may differ as to the probative force of the evidence (Matter of Kopec v. Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 N. Y. 65, 71; Matter of Kilgus v. Board of Estimate, 308 N. Y. 620, 627). This is so even in face of the general rule that a tax statute is to be construed in favor of a taxpayer (People ex rel. Mutual Trust Co. v. Miller, 177 N. Y. 51, 57; Matter of Voorhees v. Bates, 308 N. Y. 184, 188), for that rule does not supplant nor does it disregard classic standards. It is clear beyond dispute that, when we are dealing with a claim for exemption from taxation, 'it must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption’ (People ex rel. Savings Bank of New London v. Coleman, 135 N. Y. 231, 234). ' "The policy of the law is to construe statutes exemption property from taxation somewhat rigidly, and not to permit such exemption to be established by doubtful implication” ’ (People ex rel. Mizpah Lodge v. Burke, 228 N. Y. 245, 247-248). In this instance, the Legislature has specifically relegated the determination of these questions to the Tax Commission.”
Only recently we had occasion to restate and confirm these rules in Matter of Grace v New York State Tax Comm. (37 NY2d 193, 195-196).
Applying these principles here, we uphold the determination of the State Tax Commission. Dredging is, generally speaking, confined to a specified, limited area for the purpose of constructing new waterways or, as was the case here, effecting repairs of old waterways. Thus, while vessels may by their very nature be mobile in themselves and movable from one State or country to another, the movement is incidental to the localized activity of dredging, and it is the localized nature of this activity which permits assessment of the tax against petitioner (see Holland Furnace Co. v Department of Treasury of State of Ind, 133 F2d 212, 215-216, cert den 320 US 747; Dravo Contr. Corp. v James, 114 F2d 242, 246-247). The burden which petitioner must shoulder to establish that it is entitled to exemption has not been met and, hence, we find no error in respondent’s determination that the vessels, and supplies used in connection therewith, were not "primarily engaged in interstate commerce”.
*80 That the work was performed upon interstate waterways is not a dispositive factor. In Matter of Niagara Junc. Ry. Co. v Creagh (2 AD2d 299, affd 3 NY2d 831) we affirmed a holding that locomotives used locally to switch cars and freight on interstate railroad tracks were subject to local use taxes. It was there emphasized that while the locomotives were related to the current of interstate commerce, nevertheless their activites in general were a taxable local event, separate and distinct from interstate commerce. Similarly, in Matter of Mallia (Corsi) (299 NY 232) we held that a corporation which insulated pipes and mechanical equipment on board ships was not engaged in interstate commerce despite the fact that its employees crossed State lines to go from one job to another, or that interstate communications were used to direct corporate operations, or that the ships upon which work was being performed, were themselves engaged in interstate commerce. Indeed, the Supreme Court has held that the private corporate operation of an international bridge spanning the Detroit River between Michigan and Canada did not constitute foreign or interstate commerce so as to exempt the corporation from State taxes (Detroit Bridge Co. v Tax Bd., 294 US 83).
It is well to emphasize what was stated by the Chief Judge in Matter of Grace v New York State Tax Comm, (supra, at pp 195-196): "If there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission’s determination. Thus, a determination of the Tax Commission will not be disturbed by the courts unless shown to be erroneous, arbitrary or capricious (see, also, People ex rel. Maloney v Graves, 289 NY 178, 180; People ex rel. Hull v Graves, 289 NY 173, 177; People ex rel. Freeborn & Co. v Graves, 257 App Div 587, 590)”. None of these impediments may be here found.
Accordingly, the judgment of the Appellate Division should be reversed, with costs, the determination of the State Tax Commission confirmed, and the petition dismissed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Judgment reversed, etc.