In the Matter of SANDY HILL CORPORATION, Petitioner, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.

Third Department, March 23, 1978

### APPEARANCES OF COUNSEL

*Caffry, Pontiff, Stewart, Rhodes & Judge (J. Lawrence Pal-trowitz* and *Robert S. Stewart* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Joseph F. Gibbons* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

GREENBLOTT, J. P.

After audit of petitioner's books and records, respondent issued a notice of determination and demand for payment of sales and use tax due in the amount of $34,220.71, plus penalty and interest of $8,779.42, for the tax periods ending May 31, 1970 through February 28, 1973. The notice of determination was based on purchases made by the petitioner on which it had not paid sales or use taxes.

Petitioner disputes the imposition of tax in three categories: (1) tax on fixed assets purchased for repair purposes, (2) tax on materials and supplies used in the company's research and development center, and (3) tax on materials purchased to build a sanitary pumping station.

Petitioner is in the business of producing and selling

paper manufacturing machines. Included in its production of a full paper machine are the design, procurement of materials, castings, fabrications, machining, assembly and shipment. Petitioner also produces spare parts for customers and reconditions paper machine rolls. Petitioner concedes that the same machinery is used in the reconditioning and recrowning of customers' paper rolls as in the production of paper rolls for new machinery. In view of the statutory language in effect during the relevant tax periods, respondent's determination of deficiencies must be upheld. The machinery and equipment purchased by petitioner were not used directly and *exclusively* in the production of tangible personal property (Tax Law, § 1115, subd [a], par [12]), since it was used to recondition and recrown old machine rolls as well as manufacture new machines.

■ Turning to the imposition of tax on materials used for research and development, the examiner testified that the research center was separated from the main offices of the machine shop and foundry. In dispute here is a miniature paper production machine, one tenth the size of the regular machine. The examiner was advised that petitioner used the machine for research and development, for demonstrations and for rental to customers who wanted to test their own paper stock. It is obvious that respondent could properly find that the miniature machine was not used directly and exclusively for research and development, and thus not entitled to the statutory exemption in force during the tax periods in question (Tax Law, § 1115, subd [a], par [10]).

■ The third contested item is purchases of materials for a sanitary pumping station. Petitioner offered no direct testimony to support its position. Respondent's examiner testified that the materials and equipment for the pumping station were purchased by petitioner, that the labor was performed by petitioner's employees and that the station does not treat waste. It is essentially a holding facility pumping both industrial and human waste into the Village of Hudson Falls sewage treatment plant. Petitioner's manager admitted that the station did not treat industrial or human waste.

■■ The exemption for sewage treatment facilities results from respondent's interpretation of section 1115 (subd [a], par [12]), which included as production machinery equipment and materials purchased to treat waste from a production process. The rule in construing exemptions in taxing statutes is that:

"An exemption from taxation 'must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption' *(People ex rel. Savings Bank of New London v Coleman,* 135 NY 231, 234; see *Matter of Young v. Bragalini,* 3 NY2d 602, 605-606, *supra).* Indeed, if a statute or regulation authorizing an exemption is found, it will be 'construed against the taxpayer', although the interpretation should not be so narrow and literal as to defeat its settled purpose". *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196.)

■ Respondent, in construing its own regulation, held that the exemption applied to waste treatment facilities and not to waste transport facilities. In our opinion, this construction is not unreasonable or irrational, and must be upheld *(Matter of Howard v Wyman,* 28 NY2d 434).

The determination should be confirmed, and the petition dismissed, without costs.

MIKOLL, J. (concurring in part and dissenting in part). I respectfully dissent from so much of the majority's opinion as denies to petitioner a tax exemption pursuant to section 1115 (subd [a], par [12]) of the Tax Law for equipment used to pump effluent from its production process to the Hudson Falls treatment facility. The waste material is an end product of a process devoted exclusively to production and, as such, is entitled to the protection of the statute. To draw a distinction between equipment used to treat waste and that used to transport it, in view of the tax bureau's interpretation of the statute as allowing exemptions for purchase of equipment "used in treating waste from a production process" (Form St— 214, Booklet No. 4, Oct., 1965; CCH New York State Tax Reporter, par 60-228.73 [12]) is not warranted. A literal interpretation of the statute as was applied here flies in the face of the primary consideration, that is, whether the equipment is directly and exclusively used in the production process and instead places undue emphasis on whether the equipment is used in transporting or treating sewage.

Exemptions from tax are to be construed against a taxpayer "although the interpretation should not be so narrow and literal as to defeat its settled purpose" *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196).* The interpretation adopted in this case defeats the main purpose of the exemption, since the exemption was meant to encourage investment in equipment disposing of effluent. I conclude that the commis-

sion's interpretation does not have a rational basis. There remains, however, for resolution the question of whether or not the system was used for human waste as well. In view of this, the matter should be returned to the tax commission for further findings and, having determined same, a decision in conformity with this opinion.

SWEENEY, STALEY, JR., and MAIN, JJ., concur with GREEN-BLOTT, J. P.; MIKOLL, J., concurs in part and dissents in part in an opinion.

Determination confirmed, and petition dismissed, without costs.