■ In the Matter of SOUTHERN TIER IRON WORKS, DIVISION OF CIVES CORPORATION, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission, which denied petitioner's application for a revision of a determination of deficiencies in sales and use taxes. Petitioner, Southern Tier Iron Works, is a fabricator of structural steel used in building construction, and between March 1, 1969 and February 28, 1973 it purchased various pieces of shop machinery and equipment which it utilized in its fabrication process. Claiming that these purchases were exempt from any sales or use tax under former section 1115 (subd [a], par [12]) of the Tax Law, it did not pay any sales or use tax on them. In pertinent part, that statute provides: "(a) Receipts from the following shall be exempt from the tax on retail sales imposed under subdivision (a) of section eleven hundred five and the compensating use tax imposed under section eleven hundred ten: * * * (12) Machinery or equipment for use or consumption directly and predominantly in the production of tangible personal property * * * for sale, by manufacturing, processing, generating, assembling, refining, mining or extracting". On October 9, 1973, a notice of determination and demand for payment of

the taxes on the purchases and penalties was issued against petitioner by the Sales Tax Bureau, and petitioner then applied to the State Tax Commission for a revision of the determination of the deficiencies in sales and use taxes. Upon the ground that petitioner was not entitled to the claimed exemption because it fabricated steel for its own use on construction projects and not "for sale", the commisioner denied this application following a hearing, however, and the instant proceeding ensued. We hold that the challenged determination must be confirmed. In so ruling, we rely on the well-settled principle that a party claiming an exemption "must be able to point to some provision of law plainly giving the exemption" (People ex rel. Savings Bank of New London v Coleman, 135 NY 231, 234; Matter of Grace v New York State Tax Comm., 37 NY2d 193), and clearly the above-cited statute makes no mention of any exemption for machinery or equipment to be used in fabricating. Here, petitioner concedes that it customarily contracts to both supply steel beams and erect the proposed structures on construction projects. Moreover, while it maintains that it only erects the structures because its customers demand the "whole package" and that it employs subcontractors to do this portion of the work, this only serves to indicate that its service in erecting the structures is an important factor in its obtaining work and not merely incidental to its fabrication of steel beams. Under these circumstances, the commission could reasonably conclude that petitioner was fabricating steel for its own use and not "for sale" (cf. Schenectady Steel Co. v Bruno Trimpoli Gen. Constr. Co., 43 AD2d 234, affd 34 NY2d 939), and, therefore, its determination denying the exemption should not be disturbed (Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Fin. of State of N. Y., 39 NY2d 75, cert den 429 US 832). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.