In the Matter of SLATTERY ASSOCIATES, INC., Respondent, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered January 23, 1980 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of the State Tax Commission sustaining sales tax assessments imposed pursuant to article 28 of the Tax Law. Petitioner building contractor, under contract with Consolidated Edison Company of New York, agreed to install concrete and steel circulating water lines and a massive concrete foundation for a turbine generating unit at a facility for the generation of electric power known as "Astoria Generating Station Unit #6." Accordingly, petitioner purchased large amounts of concrete, reinforced steel, sand, joint filler and sealer, timber and different types of industrial piping. Pursuant to article 28 of the Tax Law, petitioner paid the applicable retail sales tax due on such items at the time of purchase, but subsequently claimed a tax credit on its State sales tax return based on the exemption in section 1115 (subd [a], par [12]) of the Tax Law. Respondent, after an audit, issued a notice of determination and demand for payment of sales and use taxes in the amount of $31,969, plus penalty and interest, for a total due of $35,908. Petitioner agreed that some of this amount was properly disallowed and the amount in controversy became $25,343, plus penalty and interest. Petitioner filed for revision and, after a hearing, the Tax Commission upheld the original notice of determination. Petitioner then brought a declaratory judgment action to annul the determination, which was converted to a CPLR article 78 proceeding. Special Term ruled in favor of the taxpayer finding the Tax Commission's disallowance of the claimed exemption to be arbitrary and capricious. Respondent appeals, contending that Special Term erred in holding that the construction materials purchased by petitioner qualified for the exemption from the State retail sales tax contained in section 1115 (subd [a], par [12]) of the Tax Law. We agree. The judgment should be reversed and the petition dismissed. At the time of the Tax Commission's challenged determination, section 1115 (subd [a],

par [12]) of the Tax Law provided, in pertinent part: "(a) Receipts from the following shall be exempt from the tax on retail sales imposed under subdivision (a) of section eleven hundred five and the compensating use tax imposed under section eleven hundred ten: * * * (12) *Machinery or equipment* for use or consumption directly and predominantly in the production of tangible personal property, gas, *electricity* * * * for sale, by manufacturing, processing, *generating*" (emphasis added). Petitioner contended before the Tax Commission that the various construction materials purchased by it in performance of its contract were "machinery or equipment", within the meaning of the statute, used "directly and predominantly in the production of * * * electricity" and, consequently, it was exempt from payment of the retail sales tax. Special Term, in ruling in favor of petitioner, mistakenly relied on *Matter of Niagara Mohawk Power Corp. v Wanamaker* (286 App Div 446, 447-448, affd 2 NY2d 764) since that case involved a county sales tax resolution exempting from taxation "tangible personal property" sold for purposes of "incorporation * * * as a material or a part into or for use or consumption" in the direct and exclusive production of electricity for sale. Section 1115 (subd [a], par [12]) of the Tax Law is clearly more limited in scope. It narrowly exempts only "machinery or equipment" used in such production of electricity. The Tax Commission, in construing the term "equipment" as used in the section under review, has held that it means "only such personalty as has an *identifiable character as equipment at the time of purchase at retail* * * * *which is adapted by its design* to perform either in conjunction with machinery or otherwise, some particular function in a stage of the generating process" *(Matter of Slattery Contr. Co.,* Decision of State Tax Commission, March 9, 1970, cited in 2 NY St Tax Rep [CCH], § 60-228; emphasis added). This construction is reasonable and rational and, therefore, should be upheld (see *Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Fin. of State of N. Y.,* 39 NY2d 75, 78-79, cert den 429 US 832; *Matter of Southern Tier Iron Works, Div. of Cives Corp. v Tully,* 66 AD2d 921, mot for lv to app den 46 NY2d 713). The raw materials here in question clearly did not possess the requisite "identifiable character" as machinery or equipment at the time of their purchase at retail to qualify for the exemption. Moreover, had the Legislature intended to include the types of "raw material" at issue herein, it would have utilized the broader more expansive terminology used in exemptions provided for other activities in other sections of the Tax Law (see Tax Law, § 1115, subd [a], par [10], involving research and development, and par [6] involving farming and ranching). Additionally, this court has repeatedly applied the well-settled rule of narrowly construing statutes exempting property from taxation *(Matter of Southern Tier Iron Works, Div. of Cives Corp. v Tully, supra; Matter of Sandy Hill Corp. v State Tax Comm.,* 61 AD2d 550, 553), and we do so here. Judgment reversed, on the law, determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.