■ In the Matter of BLUE SPRUCE FARMS, INC., Respondent, v NEW YORK STATE TAX COMMISSION, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered April 29, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission denying petitioner's application for a State sales tax refund. Petitioner raises and sells rats and mice for use in research laboratories. Petitioner sought a refund of $18,668.50 in local and State sales taxes paid on feed and chemicals for its animals from June 1, 1976 to June 1, 1979 pursuant to section 1115 (subd [a], par [6]) of the Tax Law. Petitioner contended that its breeding of animals constituted farming within the meaning of the statute entitling it to a tax exemption. The Department of Taxation and Finance denied petitioner's application for a full refund, returning only the local sales taxes paid which are subject to a local statute which differs from the State statute. The department's decision was affirmed by the Tax Commission based on a regulation which provides that "[t]he breeding of dogs, cats and other pets or laboratory animals is not farming" (20 NYCRR 528.7 [b], *Example 2*). Special Term concluded that petitioner's activities constituted farming within the meaning of section 1115 (subd [a], par [6]) of the Tax Law and granted the petition for a refund with interest. It reasoned that petitioner's activities fell within the dictionary definition of farming, that the department had promulgated inconsistent regulations (20 NYCRR 528.7 [d] [2], *Example 3*) as to what constitutes farming and, therefore, that petitioner is entitled to an exemption. There must be a reversal. Statutes creating a tax exemption are to be strictly and narrowly construed (*Matter of Mobil Oil Corp. v Finance Administrator,* 58 NY2d 95, 98; *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195). The burden of proving entitlement to a tax exemption rests with the taxpayer (*Matter of Young v Bragalini,* 3 NY2d 602, 605). To prevail over the administrative construction, petitioner must establish not only that its interpretation of the law is a plausible one but, also, that its interpretation is the only reasonable construction (see *Matter of Lakeland Farms Co. v State Tax Comm.,* 40 AD2d 15, 18). Thus, unless the Department of Taxation and Finance's regulation is shown to be irrational and inconsistent with the statute (*Matter of Slattery Assoc. v Tully,* 79 AD2d 761) or erroneous (*Matter of Koner v Procaccino,* 39 NY2d 258), it should be upheld. Section 1115 of the Tax Law reads, in pertinent part, as follows: "(a) Receipts from the following shall be exempt

from the tax on retail sales imposed under subdivision (a) of the section eleven hundred five and the compensating use tax imposed under section eleven hundred ten * * * (6) Tangible personal property * * * for use or consumption directly and predominantly in the production for sale of tangible personal property by farming, including stock, dairy, poultry, fruit, fur bearing animal, graping and truck farming. The term farming shall also include ranching, operating nurseries, greenhouses, vineyard trellises or other similar structures used primarily for the raising of agricultural, horticultural, vinicultural, viticultural, or floricultural commodities, and operating orchards." In interpreting the statute, the department has issued the following regulation: "20 NYCRR 528.7 Farming. (a) *Exemption.* (1) All tangible personal property for use or consumption directly and predominantly in the production for sale of tangible personal property by farming * * * is exempt from the sales and compensating use tax * * * (b) *Farming.* The term *farming* means raising stock, dairy, poultry, or fur bearing animals, fruit and truck farming, operating ranches, nurseries, greenhouses, or other similar structures used primarily for the raising of agricultural, horticultural or floriculture commodities and operating orchards * * * *Example 2:* The breeding of dogs, cats and other pets or laboratory animals is not farming." We find the department's interpretation of the statute through its regulation to be reasonable and rational. The ordinary, commonsense understanding of farming includes breeding of animals for their product. It does not include breeding of rats and mice for laboratory use. In focusing on the use to which animals are ultimately put in defining farming, the department has acted rationally. The regulation is in harmony with the statute. Petitioner has failed to establish that its interpretation of the statute is the only plausible one. Special Term's conclusion that the department has issued contrary interpretations in its regulations is not well taken. Under 20 NYCRR 528.7 (b), the department has defined farming. On the other hand, 20 NYCRR 528.7 (d) (2) deals with defining the word "predominantly" rather than "farming" and is not relevant to a determination of whether petitioner was involved in farming. Judgment reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Casey, Mikoll, Weiss and Levine, JJ., concur.