■ In the Matter of BRIGAR, INC., Petitioner, v RODERICK G. W. CHU et al., Constituting the New York State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a corporate franchise tax assessment imposed pursuant to article 9-A of the Tax Law.

The issue before us is whether petitioner is entitled to investment tax credits claimed upon its acquisition of labeling and addressing machines, a tying machine and a mail inserting machine for the years 1977 and 1978. These were disallowed by the Tax Commission on the ground that the equipment was not used in the production of goods as required by section 210 (subd 12, par [b]) of the Tax Law. We concur with such finding.

Section 210 (subd 12, par [b]) of the Tax Law provides a tax credit for certain: "tangible personal property * * * principally used by the taxpayer in the production of goods by manufacturing, processing [or] assembling." Petitioner is engaged in the preparation of publications for deposit into the United States Postal System. Petitioner receives address labels and printed material, including catalogs, magazines, newspapers and other publications, from its clients or the publisher. Petitioner then cuts and affixes the labels to the materials and sorts, ties and stacks same to take advantage of discount postage rates. It also folds, nests and ties the materials. Petitioner urges that the functions it performs for printers and publishers are an integral part of the printing trade and its function is the end step in the manufacturing of printed material for consumers.

Instructive on the issue of whether petitioner is entitled to a tax credit is the holding of *Matter of Crown Publishers v Tully* (63 NY2d 660), where it was held that mailing labels are not incorporated, assembled or processed into catalogs. It also follows that the equipment used to affix the mailing labels cannot be considered to be used in the production of goods by processing or assembling within the meaning of section 210 (subd 12, par [b]) of the Tax Law.

We conclude that the Tax Commission's determination is rational and must therefore be upheld (see *Matter of Howard v Wyman,* 28 NY2d 434). In order to prevail here, petitioner must establish that its interpretation is the only reasonable construction (*Matter of Blue Spruce Farms v New York State Tax Comm.,* 99 AD2d 867). Petitioner has failed to meet that burden.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.