■ DENTAL SOCIETY OF THE STATE OF NEW YORK, Respondent, v NEW YORK STATE TAX COMMISSION, Appellant. — Weiss, J.

In 1980, plaintiff requested a declaratory ruling from defendant on whether gold, silver and other alloys and substances used in repairing teeth qualify under a sales tax exemption for prosthetic aids (20 NYCRR 900.2). In lieu of issuing a declaratory ruling, defendant advised plaintiff that the substances in

question were already classified as taxable medical supplies and not as prosthetic aids (20 NYCRR 528.4 [h]). Thereafter, plaintiff commenced the instant declaratory judgment action seeking a declaration that the subject materials are prosthetic aids exempt from taxation pursuant to Tax Law § 1115 (a) (4) (*see,* 20 NYCRR 528.5). After a joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for similar relief. Special·Term concluded that the subject materials qualified for an exemption as prosthetic aids and held that the implementing regulation, 20 NYCRR 528.4 (h), relied on by defendant was invalid. Defendant has appealed.

We reverse. The Tax Law imposes sales and use taxes on receipts from the retail sale of tangible personal property (Tax Law § 1105 [a]; § 1110). The issue here is whether the filling materials utilized by dentists in repairing teeth are exempt pursuant to 20 NYCRR 528.5. In *Matter of Blue Spruce Farms v New York State Tax Commn.* (99 AD2d 867, *affd* 64 NY2d 682), this court recently encapsulated the pertinent standard of review as follows: "Statutes creating a tax exemption are to be strictly and narrowly construed (*Matter of Mobil Oil Corp. v Finance Administrator,* 58 NY2d 95, 98; *Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 195). The burden of proving entitlement to a tax exemption rests with the taxpayer (*Matter of Young v Bragalini,* 3 NY2d 602, 605). To prevail over the administrative construction, petitioner must establish not only that its interpretation of the law is a plausible one but, also, that its interpretation is the only reasonable construction (see *Matter of Lakeland Farms Co. v State Tax Commn.,* 40 AD2d 15, 18). Thus, unless the Department of Taxation and Finance's regulation is shown to be irrational and inconsistent with the statute (*Matter of Slattery Assoc. v Tully,* 79 AD2d 761) or erroneous (*Matter of Koner v Procaccino,* 39 NY2d 258), it should be upheld" (*supra,* p 867).

Tax Law § 1115 (a) provides, in pertinent part, as follows: "Receipts from the following shall be exempt from the tax on retail sales imposed under subdivision (a) of section eleven hundred five and the compensating use tax imposed under section eleven hundred ten * * * (4) Prosthetic aids * * * and artificial devices and component parts thereof purchased to correct or alleviate physical incapacity in human beings." To interpret the statute, the Department of Taxation and Finance has issued a regulation which provides that "[p]rosthetic aids * * * and component parts thereof, purchased to correct or allevi- ate physical incapacity in human beings are exempt from the tax" (20 NYCRR 528.5 [a]). To be classified as a prosthetic aid:

"the property must either completely or partially replace a missing body part or the function of a permanently inoperative or permanently malfunctioning body part and must be primarily and customarily used for such purposes and not be generally useful in the absence of illness, injury or physical incapacity. *Example 1:* Artificial hands, arms, legs, *false teeth,* etc. are exempt * * * *Example 4:* A crown which is permanently attached to a tooth by a dentist is exempt" (20 NYCRR 528.5 [b]; emphasis supplied).

Special Term essentially concluded that since the subject materials are utilized to make both false teeth and crowns, which are expressly exempt, so necessarily must be the component parts. This conclusion is in direct conflict with the Department's regulation interpreting the statutory exemption for drugs and medicines, set forth in Tax Law § 1115 (a) (3), which provides that: "Medical equipment and supplies purchased for use in performing medical or similar services for compensation are not exempt from tax * * * *Example 4:* Dental supplies such as porcelain, mercalloy, gold, silver, acrylic denture base, amalgam, composite resin, silicate, and dental floss are not exempt when purchased by a dentist who will use them in performing a dental service for compensation" (20 NYCRR 528.4 [h] [1]). The issue distills to whether plaintiff's characterization of these materials (excepting dental floss) as prosthetic aids is the only reasonable one, as contrasted with defendant's characterization as nonexempt supplies.

Plaintiff asserts that the 1976 amendments to Tax Law § 1115 (a) (4), which deleted the requirement that prosthetic devices be designed for individuals in order to qualify, was intended to exempt dental filling substances (L 1976, ch 201, § 1; *see also,* Sponsor's Memorandum, 1976 NY Legis Ann, at 343). Plaintiff concedes that prior to the amendment, which included the "component parts" terminology, the materials were not exempt. In our view, plaintiff misinterprets the legislative intent underlying the amended statute (*see, Matter of Howard v Wyman,* 28 NY2d 434). As a result of the amendment, the exemption for prosthetic aids was extended to "over-the-counter items * * * so that all * * * prostheses * * * etc., will be uniformly exempt" (Sponsor's Memorandum, 1976 NY Legis Ann, at 343, 344). This legislation was designed to offer "relief only to individuals — purchases for use in the performance of services for compensation will continue to be taxed" (*ibid.*). On the basis of the foregoing expression of legislative intent, it is clear that the amendment was not intended to redefine "prosthetic aid", but simply to include over-the-counter purchases on behalf of handicapped individuals. Since the Legislature is charged with

knowledge of defendant's implementing regulations, the failure to expressly extend the exemption to purchases used in the performance of dental services indicates an acceptance of defendant's interpretation (*see, Engle v Talarico,* 33 NY2d 237, 242).

Nor can we agree with plaintiff's contention that the distinction between crowns and false teeth, which are exempt, and filling substances, which are not, is irrational. Raw materials can be rationally distinguished from equipment (*Matter of Slattery Assoc. v Tully,* 79 AD2d 761, 762, *affd* 54 NY2d 711). In construing the meaning of "prosthetic aid", we search for "an accommodation between a common understanding of the term and the legislative purpose" (*Engle v Talarico, supra,* p 241). The ordinary, commonsense meaning of prosthesis is an artificial device used to replace a missing part of the body (*see,* Webster's Third New International Dictionary 1822 [P. Gove ed 1961]). The repair of teeth with fillings or cosmetic bonding, unlike dentures or crowns, does not constitute a replacement of missing parts, but merely guards against further decay of existing teeth. Nor must we necessarily equate fillings with a "physical incapacity" (20 NYCRR 528.5 [a]). Consequently, we conclude that plaintiff has failed to meet its heavy burden of establishing that its interpretation of the statute is the only plausible one. Since the subject regulation is reasonable and in harmony with the statute, the order awarding plaintiff summary judgment must be reversed (*see, Matter of Blue Spruce Farms v New York State Tax Commn.,* 99 AD2d 867, *supra; see also, Matter of Reader's Digest Assn. v State Tax Commn.,* 103 AD2d 926, 927; *Matter of Twin Coast Newspapers v State Tax Commn.,* 101 AD2d 977, *appeal dismissed* 64 NY2d 874).

Order reversed, on the law, without costs, defendant's cross motion granted and 20 NYCRR 528.4 (h) is declared to be a valid regulation in conformity with Tax Law § 1115 (a) (4). Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.