■ In the Matter of the ESTATE OF PHILIP L. DWORETZ et al., Appellants, v STATE TAX COMMISSION, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered September 12, 1986 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioners' request for a refund of taxes paid under Tax Law articles 31 and 31-B.

It has now been clearly established that "[s]tatutes creating a tax exemption are to be strictly and narrowly construed * * * The burden of proving entitlement to a tax exemption rests with the taxpayer * * * To prevail over the administra-

---

tive construction, petitioner must establish not only that its interpretation of the law is a plausible one but, also, that its interpretation is the only reasonable construction" *(Matter of Blue Spruce Farms v New York State Tax Commn.,* 99 AD2d 867, *affd* 64 NY2d 682). These principles in mind, we hold that the exemption provided in Tax Law § 1443 (6), which "grandfathered in" as exempt from the new tax on gains derived from certain real property transfers in excess of $1,000,000 (Tax Law §§ 1441, 1443 [1]; L 1983, ch 15, § 181), was not available to petitioners and that respondent's determination denying a refund of taxes paid was properly confirmed.*

The facts are undisputed. On November 1, 1978, petitioners, as owners of property used as a parking lot, entered into a written lease with Meyers Parking System, Inc. (Meyers) for a term of 18 years. The lessee was given a "right to purchase the premises on the same terms and conditions which a bona fide third party dealing at arms length is then willing to enter into a contract of sale". On November 4, 1983, petitioners, having received a bona fide offer to purchase, notified Meyers of such offer; on November 21, 1983, Meyers notified petitioners in writing of its election to purchase on the same terms. A formal contract to sell was executed by petitioners on November 25, 1983 and title was transferred February 21, 1984. On that date, petitioners paid, under protest, $21,252 as the New York Real Estate Transfer Tax and $270,420.80 as the New York Real Property Transfer Gains Tax on the transfer. Following the denial of petitioners' application for a refund, this CPLR article 78 proceeding was commenced to annul the determination. Supreme Court confirmed, giving rise to this appeal by petitioners.

Central to this appeal is the resolution of whether the so-called right of first refusal in the lease can be construed as constituting a "written contract entered into on or before" March 28, 1983, the effective date of Tax Law article 31-B (Tax Law § 1443 [6]; L 1983, ch 15, §§ 181, 184 [g]), and "transfers of property made * * * pursuant to contracts entered into prior to [May 1, 1983]", the effective date of the increased transfer tax (L 1983, ch 15, § 184 [g]). These statutes which authorize exemptions are to be strictly construed

---

* Also involved in this appeal, and upheld hereby, is the denial of an exemption to petitioners from the increase in the real property transfer tax from 55 cents per $500 of consideration paid for a transfer to $2 per $500 (L 1983, ch 15, §§ 56, 184, *amdg* Tax Law § 1402). Petitioners paid the increased tax under protest; their application for a refund was denied by respondent and confirmed by Supreme Court.

against the taxpayer, since an exemption is not a matter of right, but is allowed only as a matter of legislative grace *(Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 196). Respondent held that the property was transferred pursuant to the actual contract of sale made November 25, 1983, not pursuant to the lease made in November 1978. We agree. A right of first refusal is not an agreement, but rather it "is an option to buy conditioned on the seller's willingness to sell" *(Quigley v Capolongo,* 53 AD2d 714, 715, *affd* 43 NY2d 748). Contrary to petitioners' argument, the lease provision did not obligate them to sell the property. A binding obligation to sell did not occur until after the buyer's offer to purchase had been accepted and a formal contract executed on November 25, 1983. This interpretation by respondent was reasonable and must therefore be upheld *(see, Matter of Blue Spruce Farms v New York State Tax Commn.,* 99 AD2d 867, *supra).*

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.