■ In the Matter of VARSITY COACH CORPORATION, Appellant, v STATE TAX COMMISSION, Respondent.—Main, J. Appeal from a judgment of the Supreme Court at Special Term (Bradley, J.), entered December 10, 1985 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying a redetermination of assessed deficiencies in corporate franchise taxes paid under Tax Law article 9-A.

The facts in this case are not disputed. Petitioner, a school bus operator, charters its buses during school vacation periods to various nonprofit corporations and organizations operated exclusively for religious, charitable and educational purposes. The charters in this case did not involve transportation to or from schools or school activities. At issue in this case is whether petitioner is entitled to exclude income derived from these charters from its entire net income pursuant to Tax Law § 208 (9) (a) (4). That statute permits such exclusion "with respect to amounts received * * * from corporations and associations, organized and operated exclusively for religious, charitable or educational purposes * * * for the operation of school buses" (Tax Law § 208 [9] [a] [4]). Respondent concluded that the income in question should not be excluded because it

---

was not derived from "the transportation of pupils, teachers, and other persons acting in a supervisory capacity, to and from school or school activities" (20 NYCRR former 3.11 [c] [now 20 NYCRR 3-2.4 (b)]), which is respondent's definition for "receipts for the operations of school buses". Special Term confirmed respondent's determination, and we now affirm.

Petitioner contends that respondent's regulation defining receipts for the operations of school buses is impermissibly restrictive and in direct conflict with Tax Law § 208 (9) (a) (4). We disagree. Inasmuch as petitioner is claiming that it is entitled to an exemption, petitioner bears the burden of proving that entitlement, since statutes creating exemptions are to be strictly construed (see, Matter of Estate of Dworetz v State Tax Commn., 128 AD2d 946; Matter of Blue Spruce Farms v New York State Tax Commn., 99 AD2d 867, affd 64 NY2d 682). Petitioner has failed to meet this burden. The fact that the buses petitioner operates during vacation periods are, mechanically, school buses (see, Vehicle and Traffic Law § 375 [20] [b]) is not determinative of whether they are being operated as school buses. The Legislature has defined a school bus as "[any] motor vehicle * * * privately owned and operated for compensation for the transportation of pupils, teachers and other persons acting in a supervisory capacity to or from school or school activities" (Vehicle and Traffic Law § 142). This is the very definition respondent utilizes in its regulation defining receipts from the operating of school buses. While Tax Law § 208 (9) (a) (4) does permit exclusion of receipts from certain organizations other than school districts which charter school buses, nothing in the statute or its legislative history evidences an intent by the Legislature to exclude receipts from these groups when they utilize buses classified mechanically as school buses for nonschool activities. Contrary to petitioner's assertion, groups organized for religious, charitable or educational purposes may operate schools and use school buses for transportation to or from schools or school activities; their use of buses is not confined to nonschool activities.

Given the Legislature's definition of a school bus as contained in Vehicle and Traffic Law § 142 and the lack of any evidence that the Legislature intended a different definition to apply to Tax Law § 208 (9) (a) (4), we find respondent's interpretation of the statute as embodied in its regulations to be entirely appropriate. Accordingly, Special Term properly dismissed the petition.

Judgment affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.