◼ In the Matter of JOHN O. BUTLER COMPANY, Petitioner, v STATE TAX COMMISSION, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court

by an order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner manufactures and sells dental products to dentists who in turn distribute them to some of their patients, on an as needed basis, at no extra charge. Believing the sales to be exempt from sales tax by reason of Tax Law § 1115 (a) (3), petitioner did not collect any tax thereon during the period in question, June 1, 1978 through November 30, 1981.

After a field audit, agents of the Department of Taxation and Finance determined that the items petitioner sold to the dentists, toothbrushes, disclosing tablets, dental floss, topical fluoride and mouth mirrors, were subject to sales tax and issued a notice of determination and demand for payment of sales and use taxes due. Following a formal hearing, respondent concluded that topical fluoride qualified for exemption but otherwise affirmed the assessment. This CPLR article 78 proceeding initiated by petitioner ensued.

Receipts from the retail sale of tangible personal property are subject to sales and use tax (Tax Law § 1105 [a]). However, Tax Law § 1115 (a) (3) exempts from taxation sales of medical equipment and supplies required for use in the cure, mitigation, treatment or prevention of illnesses or diseases in human beings "but not * * * medical equipment (including component parts thereof) and supplies * * * purchased at retail for use in performing medical and similar services for compensation". Without deciding whether the products petitioner sold came within the reach of its regulation defining "medical equipment" (20 NYCRR 528.4 [e]),* respondent found that even if this were so, their sale would nevertheless be subject to sales tax because they were "purchased at retail for use in performing medical and similar services for compensation".

This court has recently reiterated that: " 'Statutes creating

---

* That regulation defines "medical equipment" in pertinent part as follows:

"(1) Medical equipment means machinery, apparatus and other devices (other than prosthetic aids, hearing aids, eyeglasses and artificial devices which qualify for exemption under section 1115 (a) (4) of the Tax Law), which are intended for use in the cure, mitigation, treatment or prevention of illnesses or diseases or the correction or alleviation of physical incapacity in human beings.

"(2) To qualify, such equipment must be primarily and customarily used for medical purposes and not be generally useful in the absence of illness, injury or physical incapacity" (20 NYCRR 528.4 [e]).

a tax exemption are to be strictly and narrowly construed * * * The burden of proving entitlement to a tax exemption rests with the taxpayer * * * To prevail over the administrative construction, petitioner must establish not only that its interpretation of the law is a plausible one but, also, that its interpretation is the *only* reasonable construction' " *(Dental Socy. v New York State Tax Commn.,* 110 AD2d 988, 989 [emphasis supplied], *affd on opn below* 66 NY2d 939, quoting *Matter of Blue Spruce Farms v New York State Tax Commn.,* 99 AD2d 867, *affd* 64 NY2d 682). That standard has not been satisfied.

The record indicates that petitioner's products are not used directly by dentists, that the dentists do not furnish them to every patient, but only to those who in the dentist's judgment need assistance in maintaining proper oral hygiene, and that the patients are not charged a separate amount for these items. Given the foregoing, it was reasonable for respondent to decide, as it did that these products were furnished as part and parcel of the professional services dentists render and that their cost is an inherent component of and embodied within the general fee charged by the dentist for his services; that an identified extra amount for these items was not exacted when they were distributed does not irresistibly lead to the conclusion petitioner would have us adopt, that they were gratuitously provided.

The case of *Matter of Plattekill Mountain Ski Center* (TSB-H-84 [58] S [June 5, 1984]) does not compel a different result nor lend substance to petitioner's criticism that respondent's decision herein is directly contrary and hence contravenes petitioner's due process and equal protection rights. In that case, petitioner purchased rescue toboggans, used by the ski patrol to take injured skiers off the mountain, which were held to be *medical equipment* exempt from sales tax under Tax Law § 1115 (a) (3). The issue of whether, as here, medical services for compensation was being provided by the ski center was not even addressed.

Determination confirmed, and petition dismissed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.