[665 NYS2d 689]

In the Matter of FELMONT OIL CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, November 26, 1997

## APPEARANCES OF COUNSEL

*Emmet, Marvin, Martin, L. L. P.,* New York City *(J. Dudley B. Kimball* and *John M. Ryan* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General,* Albany *(Julie S. Mereson* and *Nancy A. Spiegel* of counsel), for Commissioner of Taxation and Finance, respondent.

## OPINION OF THE COURT

CASEY, J.

Petitioner's principal business from 1981 to 1985, the tax years at issue herein, was the production and sale of unrefined crude oil and natural gas. During these same years petitioner also mined and sold gold and, until 1982, it manufactured and sold ammonia. While petitioner carried on business activities in several different States, including New York, it did not produce or sell any crude oil within this State. In 1981, 1982, 1983, 1984 and 1985, petitioner paid windfall profit taxes on crude oil sales and production activities to the Federal Government. On its Federal corporation income tax returns for these years, petitioner deducted from its gross income the amounts of such taxes. On its New York corporation franchise tax return, petitioner carried over its Federal taxable income, which reflected the deductions for the amount of windfall profit tax paid.

As a result of an audit of petitioner's corporate franchise tax returns for these five taxable years, the Department of Taxation and Finance made an adjustment by adding back the windfall profit tax deduction, pursuant to Tax Law § 208 (9) (b) (3), in order to determine petitioner's entire net income for corporate franchise tax purposes. Petitioner's challenge to these adjustments was denied by an Administrative Law Judge, whose determination was upheld by respondent Tax Appeals Tribunal on administrative appeal.

Tax Law article 9-A requires a corporation to pay a franchise tax based on its entire net income. Entire net income is defined as "total net income from all sources, which shall be presumably the same as the entire taxable income * * * which the

taxpayer is required to report to the United States treasury department" (Tax Law § 208 [9] [i]). Pursuant to Tax Law § 208 (9) (b) (3), "[e]ntire net income shall be determined without the exclusion, deduction or credit of * * * taxes on or measured by profits or income paid or accrued to the United States". In concluding that the windfall profit tax was properly added back for purposes of determining petitioner's taxable income for franchise tax purposes, the Tribunal found that the windfall profit tax is a tax "on or measured by profits or income" within the meaning of Tax Law § 208 (9) (b) (3). The Tribunal also held that the application of the add-back provision to petitioner did not violate its rights under the Commerce Clause or the Due Process Clause as petitioner claimed. We agree and, therefore, confirm the Tribunal's determination.

▮ In arguing that the amounts paid under the windfall profit tax from 1981 to 1985 are not subject to the add-back provision of Tax Law § 208 (9) (b) (3), petitioner is essentially seeking to exempt or deduct these amounts from its taxable income. Petitioner has the burden of proving its entitlement to such an exemption or deduction (see, Matter of Grace v New York State Tax Commn., 37 NY2d 193, 197; Matter of Butler Co. v State Tax Commn., 131 AD2d 953, 954-955, lv denied 70 NY2d 611). It also " 'must establish not only that its interpretation of the law is a plausible one but, also, that its interpretation is the only reasonable construction' " (Dental Socy. v New York State Tax Commn., 110 AD2d 988, 989, affd on mem below 66 NY2d 939, quoting Matter of Blue Spruce Farms v New York State Tax Commn., 99 AD2d 867, affd on mem below 64 NY2d 682). Petitioner has failed to meet its burden.

The Windfall Profit Tax on Domestic Crude Oil (26 USC former § 4986 et seq.) was imposed by Congress during the decontrol of oil prices in 1980. The act imposed a tax on the profits or windfalls that a crude oil producer received from the production of oil as a result of oil price decontrol. The tax was based on the difference between the deregulated price (actual sales price) received for each barrel of oil and the regulated price that would have been realized had oil prices not been decontrolled. Calculating the tax in this manner demonstrates that the tax was intended to reach only the income generated from the sale of a barrel of crude oil. If the intent were to tax the mere production of oil, as petitioner contends, Congress would have promulgated a tax based solely upon the barrels produced and not upon the income generated from the sale.

The Federal law also had a provision, known as the net income limitation, which limited the impact of the windfall

profit tax on oil producers through the inclusion of a cap on the maximum amount of windfall profit tax assessed on each barrel of crude oil. This provision provided that the windfall profit tax "shall not exceed 90 percent of the net income attributable to such barrel" (26 USC former § 4988 [b] [1]). By limiting the producer's tax liability to the net income received from each barrel of oil sold, this provision prevented the assessment of windfall profit tax liability on a sale that did not generate a profit for the producer. Consequently, the inclusion of the net income limitation in the windfall profit tax statutory framework further supports the conclusion that the windfall profit tax was a tax "on or measured by profits or income" under Tax Law § 208 (9) (b) (3). Finally, although the windfall profit tax may be characterized as an excise tax, this does not preclude it from being measured by income or profits.

In *Amerada Hess Corp. v Director, Div. of Taxation* (107 NJ 307, 526 A2d 1029, *affd* 490 US 66), the New Jersey Supreme Court similarly determined, in interpreting a tax statute virtually identical to Tax Law § 208 (9) (b) (3), that the windfall profit tax is a tax "on or measured by profits or income" and, therefore, not excludable in computing net income taxable under the New Jersey Corporation Business Tax. Although on appeal the United States Supreme Court did not directly decide this issue, it did hold, citing to similar analysis presented herein, that New Jersey's interpretation of the windfall profit tax as such a tax was not irrational or arbitrary (*Amerada Hess Corp. v New Jersey Taxation Div.*, 490 US 66, 77, n 9). Consequently, we find the Tribunal's similar classification of the windfall profit tax to be reasonable.

◼ Petitioner also contends that calculation of its entire net income without the deduction of its payments of windfall profit taxes to the Federal Government violates its rights under the Commerce Clause and the Due Process Clause. By applying the four-part test set forth in *Complete Auto Tr. v Brady* (430 US 274), the US Supreme Court, however, specifically rejected this argument in *Amerada Hess Corp. v New Jersey Taxation Div.* (*supra*). Upon our review of the record, we find petitioner's attempt to distinguish itself from the taxpayers in *Amerada* unavailing and we further reject its contention that the second prong of *Complete Auto*—the tax must be fairly apportioned—has not been met.

MERCURE, J. P., PETERS, SPAIN and CARPINELLO, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.