■ In the Matter of BURNSIDE COAL & OIL COMPANY, INC., Petitioner, v COMMISSIONER OF NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [703 NYS2d 832] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioner's claims for refunds of gross receipts taxes imposed under Tax Law article 13-A.

Petitioner was in the business of distributing various petroleum products, including fuel oil, to municipalities and other customers in New York from July 1, 1983 through April 30, 1984 (hereinafter the "early period") and from May 1, 1984 through April 30, 1987 (hereinafter the "later period"). In response to the enactment of Tax Law article 13-A, a gross receipts tax on imported petroleum products, the Department of Taxation and Finance (hereinafter the Tax Department) sent unsolicited questionnaires in November 1983 to petitioner and others to determine whether they would be subject to this tax. As a result of petitioner's answers thereon, the Tax Department issued petitioner a certificate of taxability under Tax Law article 13-A retroactive to July 1, 1983. Petitioner timely

filed Tax Law article 13-A tax returns for tax years 1984 through 1987 and timely paid all amounts due.

In April 1986, petitioner received a notice of deficiency from the Tax Department for tax year 1984 as a result of a deduction taken on its gross receipts tax return for the early period. Petitioner challenged the deficiency through the Division of Tax Appeals by contending that it was not liable for a gross receipts tax pursuant to Tax Law article 13-A for numerous reasons due to "its contract sales of fuel oil to the City during the period of July 1, 1983 though June 30, 1984". After a conciliation conference, an order dated January 22, 1988 canceled all penalties assessed but sustained the tax deficiency with interest. Prior to the issuance of the order, however, petitioner received another questionnaire and Tax Law article 13-A registration certificate. Petitioner responded by letter dated November 19, 1987 to the Tax Department which asserted that "we are not in the business of importing or causing to import petroleum products into New York State. Accordingly, we believe that we should no longer be classified as a taxpayer subject to the [a]rticle 13-A requirements." Thereafter receiving the conciliation order which sustained the notice of deficiency, petitioner filed another petition with the Division. Petitioner acknowledges that the 1988 petition is virtually identical to the 1986 petition, other than the last 12 paragraphs which update events occurring since the earlier filing and protest the conciliation order entered.

The Division moved in May 1988 for a summary determination. In response, petitioner submitted an affidavit of its principal, dated July 15, 1988, which contended that it was not a petroleum business within the meaning of the statute not only during the "early period" but also up and until the "present". An Administrative Law Judge (hereinafter ALJ) agreed that petitioner did not import petroleum products within the meaning of Tax Law article 13-A and thereafter canceled the notice of deficiency for tax year 1984. This determination was affirmed by respondent Tax Appeals Tribunal in 1994.

In February 1995, almost five months after the Tribunal affirmed the ALJ's decision, petitioner filed claims for refunds of gross receipts taxes paid for tax years 1984 through 1987. The Tax Department denied petitioner's request stating, *inter alia*, that all claims were time barred pursuant to Tax Law § 1087 (a). It further reasoned that since the Tribunal could have awarded petitioner a refund for tax year 1984 during the deficiency proceeding, its failure to do so warrants a denial of that request.

Petitioner sought review with the Division for the 1984 tax year and later filed a petition covering tax years 1985 through 1987. The Tax Department moved for summary determination which was granted by the ALJ. With respect to tax year 1984, the ALJ concluded that Tax Law § 1087 (f) precluded a refund for that year. As to the remaining tax years, the ALJ found, *inter alia*, that such claims were time barred since they were not preserved by an informal refund demand. The Tribunal upheld the ALJ's determination, prompting this review.

To successfully challenge the Tribunal's determination that the provisions of Tax Law § 1087 (f) bar petitioner from perfecting an informal refund claim for tax year 1984, petitioner must establish that its interpretation is the only reasonable one (*see, Matter of Brooklyn Union Gas Co. v Commissioner of Taxation & Fin.*, 255 AD2d 80, 83; *Matter of Felmont Oil Corp. v Tax Appeals Tribunal*, 235 AD2d 184, *appeal dismissed* 91 NY2d 921, *lv denied* 92 NY2d 807) and that the Tribunal's determination was arbitrary, capricious or clearly erroneous (*see, Matter of Hebaron Enters. v Tax Appeals Tribunal*, 259 AD2d 790, 792; *Matter of Brooklyn Union Gas Co. v Commissioner of Taxation & Fin.*, *supra*, at 83).

Our review reveals that petitioner has not sustained its burden. Tax Law § 1087 (f) authorizes the Tribunal, on a timely petition of a notice for deficiency, to further determine whether a taxpayer has made an overpayment of tax, precluding a separate refund claim for the same period (Tax Law § 1087 [f]). Petitioner's assertion that it is not subject to Tax Law § 1087 (f) because it was not a taxpayer for purposes of Tax Law article 13-A is unsupportable since Tax Law § 1086 (c) provides that if there is no tax liability for a period where tax is paid, such payments shall be considered an overpayment. Having failed to establish that its interpretation of Tax Law § 1087 (f) is the only reasonable interpretation (*see, Matter of Brooklyn Union Gas Co. v Commissioner of Taxation & Fin.*, *supra*, at 83), we decline to disturb the determination rendered for the "early period".

With respect to the "later period", petitioner does not contend that its claim for a refund was timely; rather it claims that the limitations period was tolled due to its informal claim made through the November 19, 1987 letter to the Tax Department, its 1986 and 1988 petitions, and through affidavits. According to relevant Federal authorities, "[t]he sufficiency or adequacy of an informal refund claim is largely a question of fact" (*Matter of Greenburger*, Tax Appeals Tribunal, State Tax Rep [CCH], at 401-709, Sept. 8, 1994; *see, United States v Com-*

*mercial Natl. Bank*, 874 F2d 1165; *see also*, *Matter of Rand [Sayles]*, Tax Appeals Tribunal, State Tax Rep [CCH], at 252-997, May 10, 1990). Such an informal claim must, however, have "a written component that adequately apprises the taxing authority that a refund is requested and the tax year in question. It must contain enough information to enable the taxing authority to begin an investigation of the matter, if it so chooses" (*Matter of Rand [Sayles], supra*, at 252-997; *see, American Radiator & Std. Sanitary Corp. v United States*, 318 F2d 915).

The record reveals that the Tribunal did consider the November 19, 1987 letter to the Tax Department wherein petitioner advised that it "should no longer be" classified as subject to Tax Law article 13-A; no request for a refund was made either explicitly or implicitly. Such letter merely challenged petitioner's status on reregistration. The Tribunal also considered petitioner's 1986 petition and agreed that although it was sufficient to make an informal refund claim for the "early years", now barred by Tax Law § 1087 (f), it was insufficient to constitute an informal claim for the "later years". Moreover, while such petition would have put the Tax Department on notice for any claims pertaining to the "early years", it has been held that a claim involving the same ground but filed for another year is insufficient, without more, to establish an informal refund claim for a subsequent year (*see, American Radiator & Std. Sanitary Corp. v United States, supra*, at 920). "It is not enough that the [Tax Department] have in its possession information from which it might deduce that the taxpayer is entitled to, or might desire, a refund; nor is it sufficient that a claim involving the same ground has been filed for another year or by a different taxpayer" (*id.*, at 920).

Acknowledging that such petition must not be viewed in a vacuum and that the Tribunal did not appear to consider the 1988 petition, we do not find the error determinative since the petitions are virtually identical and offer no further support for a finding that an informal claim for a refund was made for the "later years". Neither is there relevant information which could be gleaned from the deficiency proceeding since it only addresses petitioner's Tax Law article 13-A status for the 1984 tax year under review. Even petitioner's affidavit of its principal, wherein a challenge was made regarding its tax status from July 1, 1983 "until the present", only addressed the "early period" and the deficiency which resulted therefrom.

In finding that the Tribunal's determination is not clearly erroneous and that it was neither arbitrary nor capricious for the

Tribunal to decline to exercise its discretion in granting a refund for the tax years at issue "under a mistake of facts" (Tax Law § 1096 [d]), we confirm.

Mercure, J. P., Crew III, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.