■ In the Matter of JOHN GALLIN & SON, INC., Petitioner, v ANDREW ERISTOFF, as Acting Commissioner of Taxation and Finance of the State of New York, et al., Respondents. [791 NYS2d 672]—

Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

In August 1999, petitioner, a general contractor engaged in the business of reconstructing interior office space in the New York metropolitan area, applied for a refund of sales taxes paid to subcontractors for floor covering installed during the reconstruction of existing office spaces in various buildings. The Division of Taxation denied the request and, following a hearing, an Administrative Law Judge sustained the denial, finding that the installations did not qualify as capital improvements as defined by Tax Law § 1101 (b) (9) (iii). Respondent Tax Appeals Tribunal affirmed that determination, prompting this CPLR article 78 proceeding.

Tax Law § 1101 (b) (9) (iii) provides that floor covering installed as the initial floor covering in new construction, an ad-

---

dition to existing construction or total reconstruction of existing construction shall constitute a capital improvement exempt from sales tax pursuant to Tax Law § 1105 (c) (3) (iii). In interpreting Tax Law § 1101 (b) (9) (iii), the Division of Taxation promulgated 20 NYCRR 541.14 (b) (2), which provides, in pertinent part, that total reconstruction of an existing building means "the complete rehabilitation or replacement of most of the major structural elements of an existing building or structure." Thus, reconstruction of several floors, but not all, of a multi-storied structure, as is the case here, does not constitute total reconstruction of existing construction as defined by the regulation.

Petitioner contends that the Division has misinterpreted the statute and that total reconstruction of an entire floor from "slab to slab" qualifies as "total reconstruction," thus qualifying as a capital improvement and thereby exempting the cost of floor covering applications from sales tax. Petitioner's alternative statutory interpretation of Tax Law § 1101 (b) (9) (iii) is certainly not unreasonable, but that does not satisfy its burden here (*see Matter of Astoria Generating Co. v General Counsel of N.Y. State Dept. of Envtl. Conservation*, 299 AD2d 706, 707 [2002]). Rather, to prevail over the administrative construction, petitioner must demonstrate that its interpretation is the only reasonable construction of the statute (*see Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.*, 83 NY2d 44, 49 [1993]). We find nothing irrational in the Division's interpretation of the statute as reflected in 20 NYCRR 541.14 (b) (2) and, as such, the determination must be confirmed (*see Dental Socy. of State of N.Y. v New York State Tax Commn.*, 110 AD2d 988, 989 [1985], *affd* 66 NY2d 939 [1985]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.