*717 OPINION OF THE COURT
Hyman Korn, J.
This is a motion for summary judgment.
This action, brought by plaintiff, Sperry Rand Corporation (Recording and Statistical Division) (R & S) against the State Tax Commission of the State of New York, seeks to set aside a determination and demand for payment of sales taxes allegedly due pursuant to section 1105 (subd [c], par [1]) of the Tax Law. The action is designated as one for declaratory judgment.
It should be noted that the defendants contended that the instant action is really an article 78 proceeding and sought, by motion, to change the venue of the action from New York County to Albany County. However, the motion was denied by Justice Harold J. Hughes, who held that plaintiff is not relegated to an article 78 proceeding as the exclusive means by which it may seek a determination on this issue and that it can raise the issue in a declaratory judgment action as well.
Plaintiff describes itself as the "servicing agent” for the Medical Information Bureau (M.I.B.), "an unincorporated nonprofit trade association”, composed of approximately 750 life insurance companies as members. Plaintiff, at its computer center, collects, collates and maintains health impairment information of individual applicants for life insurance. This information is reported to plaintiff by each member of M.I.B. and is thereafter made available to any other member of M.I.B. upon request. The charges to members of M.I.B. are billed by plaintiff and, allegedly, merely cover "the cost of assembly and transmission of said information”.
The entire assessment in question is based upon the services which R & S performs for members of M.I.B., and the compensation which R & S receives for its services.
Plaintiff avers that pursuant to an agreement between R & S and M.I.B., R & S agreed to act as a servicing agent to M.I.B., and it is with respect to the services provided to M.I.B. pursuant to the agreement that the Tax Commission attempts to assess the sales tax. Plaintiff further avers that M.I.B. is an unincorporated nonprofit trade association formed to conduct a confidential interchange of confidential information among its members. The association consists of approximately 712 members, each member being a life insurance company doing business in the United States or Canada.
*718 Plaintiff seeks a declaration that the sales and use tax laws, in particular, section 1105 (subd [c], par [1]) of the Tax Law, are inapplicable to the compensation received by plaintiff for its services to M.I.B. and its members.
Section 1105 of the Tax Law imposes a tax of 4% upon:
"(c) The receipts from every sale, except for resale, of the following services:
"(1) The furnishing of information by printed, mimeographed or multigraphed matter or by duplicating written or printed matter in any other manner, including the services of collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons, but excluding the furnishing of information which is personal or individual in nature and which is not or may not be substantially incorporated in reports furnished to other persons”.
Plaintiff contends that section 1105 (subd [c], par [1]) of the Tax Law is, by its terms, wholly inapplicable to the subject transactions, in that plaintiff, pursuant to its contract with the M.I.B., collects, compiles and maintains health impairment information submitted to it by life insurance companies, members of M.I.B., and transmits such information to other members upon request. Plaintiff acknowledges that its relationship with M.I.B. is that of a "servicing agent” for which it receives compensation pursuant to the terms of the contract. Further, plaintiff maintains that the information services performed for the members of M.I.B. are not subject to the sales tax law because plaintiff is not the owner of the information and, therefore, does not transfer possession or title to said information.
The nature of the sale to which section 1105 (subd [c], par [1]) applies is clearly evidenced from the statute and the regulations which implement it. The section in question taxes the "receipts from every sale * * * of the following services”. The first taxable service enumerated by section 1105 (subd [c], par [1]) is that of "furnishing of information”, including "collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons”. The wording of the statute clearly describes the services performed by plaintiff for members of M.I.B.
Plaintiff argues that since all of the impairment information is owned jointly by the members of M.I.B. and M.I.B. could itself service its members if it were economical to do so, "the situation amounts to a single entity exchanging informa *719 tion which it owns among its members as they may require.” Therefore, according to plaintiff, (1) there is no sale of information "since an entity cannot make a sale to itself’ and (2) there is no transfer of possession since the members of M.I.B., by virtue of their membership, "in fact have possession of the information at all times”. Plaintiff also urges the service "is not available to any subscriber but rather is an inhouse service to members of the association.” It is clear that M.I.B. is not performing any exchange of information function. Plaintiff, a "person” under the Tax Law, is directly providing an information service for individual members of M.I.B., life insurance companies, "other persons” under section 1105 (subd [c], par [1]) of the Tax Law. Plaintiff is compensated by those "other persons”.
Plaintiff’s argument that the information is effectively being exchanged within one entity ignores the fact that each member of M.I.B. is a "person” under the Tax Law and does not lose its identity as a person just because it becomes a member of M.I.B. (Tax Law, § 1101, subd [a]). Plaintiff and M.I.B. and its members are separate and distinct persons under the Tax Law. It is therefore legally, as well as factually, inaccurate to suggest that one amorphous entity is simply shifting information among its component parts. It is clear that M.I.B. is not performing any exchange functions at all. Indeed, plaintiff, a "person” under the Tax Law, is providing an information service for individual members of M.I.B., i. e., "other persons” under the Tax Law. It is irrelevant that plaintiff does not profit from the sales of its information services, but merely covers its costs. There is no requirement in the Tax Law that one who renders a service makes a profit before a particular transaction or service is taxable.
Plaintiff’s motion for summary judgment is denied.
Defendants’ application for summary judgment in its favor pursuant to CPLR 3212 (subd [b]) is granted.