In the Matter of TOWN OF NORTH HEMPSTEAD et al., Appellants, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents.

Third Department, October 17, 1991

APPEARANCES OF COUNSEL

*Diana C. Prevete, Town Attorney (Theodore F. Goralski* with her on the brief; *Kathleen G. Oldak* of counsel), for Town of North Hempstead, appellant.

*Seward & Seward (William E. Seward* of counsel), for Village of Rockville Centre, appellant.

*Robert Abrams, Attorney-General (Lisa Joy Robertson* and *Wayne L. Benjamin* of counsel), for respondents.

*Lydia Rocissano Marola* for New York State Conference of Mayors and Other Municipal Officials, *amicus curiae.*

### OPINION OF THE COURT

Yesawich, Jr., J.

Petitioners are villages, special districts, a town and a special improvement district. Each operates off-street parking facilities within its territorial boundaries. In 1990 Tax Law § 1105 (c) was amended by adding paragraph (6), which imposes a 4% sales tax upon receipts obtained from "[p]roviding parking, garaging or storing for motor vehicles by persons operating a garage * * * parking lot or other place of business engaged in providing parking, garaging or storing for motor vehicles" (L 1990, ch 190, § 173). Following enactment of paragraph (6), respondents notified petitioners that all parking services furnished by municipalities would be subject to this new tax except parking services offered through meters on public streets.

Believing themselves exempt from the tax, petitioners, pro-

ceeding by order to show cause, commenced this CPLR article 78 proceeding seeking to annul respondents' determination finding that they owe sales tax on off-street parking meter revenues. In the alternative petitioners sought a declaration that they are exempt from Tax Law § 1105 (c) (6) and that, as applied to them, this law is unconstitutional. Respondents' answer and pertinent defenses contained therein assert that the statute was constitutionally applied against petitioners and that they were required to collect and remit the tax. Supreme Court dismissed the petition and this appeal by petitioners ensued.

■ "Where the interpretation of a statute or its application * * * entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute. If its interpretation is not irrational or unreasonable, it will be upheld" *(Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). This is so despite the general rule that a tax statute is to be construed in favor of a taxpayer *(Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Fin.,* 39 NY2d 75, 79, *cert denied* 429 US 832). After reviewing petitioners' arguments, we find respondents' interpretation of Tax Law § 1105 (c) (6) not unreasonable and therefore affirm.

Petitioners do not question that they qualify as "persons" within the meaning and purpose of Tax Law § 1105 (c) (6). Their principal claim to exemption is that because they perceive the providing of metered municipal parking fields for use by their respective constituents to be a municipal obligation, they are not "vendors", as that term is defined in the Tax Law, of "services * * * of a kind ordinarily sold by private persons" (Tax Law § 1101 [b] [8] [i] [H]; *see,* Tax Law § 1116 [a] [1]). We readily accept petitioners' representation that making metered parking available serves the public interest in that it aids the free flow of traffic; however, petitioners have failed to show that this is not a service also ordinarily provided by private vendors, who, by making parking available, also serve this same public interest but are taxed nonetheless. And the fact that petitioners assertedly do not profit from their parking facilities is of little consequence for "[t]here is no requirement in the Tax Law that one who renders a service [must make] a profit before [that] * * * service is taxable" *(Sperry Rand Corp. v Tully,* 99 Misc 2d 716, 719). Moreover, the operation of municipal parking lots has

been repeatedly held to be a proprietary function, not a governmental one *(Knapp v Fasbender,* 1 NY2d 212, 226). Given the foregoing, respondents' conclusion that petitioners are not exempt under Tax Law § 1116 (a) (1) from the sales tax imposed by Tax Law § 1105 (c) (6) is patently reasonable.

Also unconvincing is petitioners' argument that respondents acted arbitrarily in excluding municipal parking lots and parking fields from the "on-street" exception. In this regard, it is their submission that such parking facilities are "streets" and therefore they qualify for the "on-street" parking tax exemption. The parties have not brought to our attention, nor are we privy, to any authority that has characterized municipal parking lots or fields for Tax Law purposes. Apart from that, respondents' distinction is rational, for on-street parking is not "ordinarily sold by private persons" (Tax Law § 1101 [b] [8] [i] [H]) while off-street parking commonly is. As to whether this distinction is equitable, it suffices to say that "in the application of tax statutes, unlike many other statutes, it cannot be assumed that when the Legislature designed the particular statute it had either a specific or even a general desire to achieve a fair or balanced formula. The objective may well have been the production * * * of optimum revenue" *(Matter of Long Is. Light. Co. v State Tax Commn.,* 45 NY2d 529, 535-536).

Nor are we disposed to petitioners' suggestion that the introduction during 1990 and 1991 of curative legislation to amend Tax Law § 1105 (c) (6) to exclude petitioners from its purview indicates that the Legislature is displeased with respondents' interpretation of its provisions. If anything can be inferred from this legislative activity, we think it more likely that the fact that the proposed amendments were not enacted into law reflects that the Legislature, having been apprised of respondents' interpretation of Tax Law § 1105 (c) (6), chose to accept it.

WEISS, J. P., MIKOLL, LEVINE and CREW III, JJ., concur.

Ordered that the judgment is affirmed, without costs.