■ LAURA MAY CORSINI, Also Known as LAURA MAY, Respondent, v AUGUST CORSINI, Appellant. [637 NYS2d 394] —Order and supplemental order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about July 25, 1995, which, insofar as appealed from, appointed a certain forensic expert to interview, evaluate and report on the parties, their two children, and the issue of permanent custody and visitation arrangements and rejected the parties' agreement to the appointment of a different forensic expert, reversed on the law and the facts and in the exercise of discretion, without costs.

The trial court rejected the forensic expert specified and agreed upon by the parties stating only that the expert "would not qualify as this court's independent expert for the purposes of trial". While the trial court has broad discretion in this area, we find that it was an abuse of discretion to impress its own expert upon the parties without a more complete statement of its reasons. The better course herein would have been to accept the expert selected and agreed upon by the parties

and then to have appointed its own impartial expert in the event it was dissatisfied with the evaluation and report prepared by the parties' expert.

It has been repeatedly held by the Court of Appeals that, unless public policy is affronted, the parties are free to chart their own procedural course (*Mitchell v New York Hosp.*, 61 NY2d 208, 214; *T.W. Oil v Consolidated Edison Co.*, 57 NY2d 574, 579-580) and may fashion the basis upon which a particular controversy may be resolved (*Cullen v Naples*, 31 NY2d 818, 820). There is no indication anywhere in the record that the expert chosen by the parties was unqualified and in fact no reason was given by the court for its conclusion that this expert was unacceptable. Furthermore, the parties negotiated a flat fee for their expert's services to be paid by the defendant. The court's appointment is open ended and all but orders the defendant to pay additional fees that may be charged "promptly upon receipt of any such subsequent bills". Concur—Ellerin, Ross and Nardelli, JJ.

Sullivan, J. P., and Tom, J., dissent in a memorandum by Sullivan, J. P., as follows: While I do not necessarily accept the court's reasoning—in denying defendant's request for court appointment of a neutral forensic expert specified and agreed to by the parties—that that person "would not qualify as [the] court's independent expert for purposes of trial," I find that the court did not improvidently exercise its discretion in declining to appoint the parties' jointly selected expert and in naming its own independent expert, a psychologist (*see,* Uniform Rules for Trial Cts [22 NYCRR] § 202.18). A trial court has broad discretion in these matters, and I note the absence of any challenge to the qualifications or complete independence of the court's appointee. The parties' agreement to the selection of a forensic expert is not binding on the court, especially where, as here, the best interests of the children underlie the appointment of such an expert in the first instance.