In the Matter of AMHERST MEDICAL PARK, INC., c/o C/N GROUP WITH A LOCAL OFFICE, c/o PHYSICIANS IMAGING CENTER, Respondent, v AMHERST ORTHOPEDICS, P.C., et al., Appellants. [818 NYS2d 884]—

Appeals from a judgment and order (one paper) of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered February 1, 2005 in a proceeding pursuant to RPAPL article 7 to recover possession of certain property. The judgment and order determined the financial obligations of the parties.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously modified on the

law by vacating the amount awarded and as modified the judgment and order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to RPAPL article 7 to recover possession of that part of its medical office building leased to respondent Amherst Orthopedics, P.C. (Amherst Orthopedics), a medical practice owned by respondent Joseph E. Buran, M.D., together with attorney's fees and a judgment against respondents for rent owed. Petitioner is a corporation with two shareholders and officers, Dr. Buran and Ravinder Chopra, each having a 50% interest. Petitioner and Amherst Orthopedics signed two 10-year lease agreements for Amherst Orthopedics' occupancy of two suites in the building, and Dr. Buran was a guarantor on the leases. Pursuant to the leases, Amherst Orthopedics was to pay rent as well as its proportionate share of operating expenses and taxes. Amherst Orthopedics moved into the building in approximately February 1997 and paid rent for that month but failed to pay rent for any month thereafter. Following the filing of this petition in May 1997, Supreme Court (Peter J. Notaro, J.), by order entered September 17, 1997 and pursuant to an agreement of the parties, ordered respondents to pay the mortgage on the property, which included property taxes and insurance, as well as the utilities and maintenance costs pending a hearing and determination on the petition. In May 1997, Dr. Buran filed a petition for dissolution of petitioner, which proceeding remains pending.

Several years later, the parties submitted joint exhibits and other evidence in seeking a judicial determination of their respective financial obligations. Supreme Court (Joseph G. Makowski, J.) issued an order determining that Amherst Orthopedics was liable for rent and operating expenses from November 1996 to the present, excluding the February 1997 rent that had been paid by Amherst Orthopedics. The court referred one issue to a judicial hearing officer for a hearing. The order was subsumed in the subsequent judgment and order. Although respondents appeal only from the order, we exercise our discretion to treat the notices of appeal as valid and deem the appeals as taken from the judgment and order (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5520 [c]).

We reject the contentions of respondents that the court erred in granting judgment in favor of petitioner because, inter alia, there was insufficient information before the court to enable the court to grant judgment and the court awarded an amount

in excess of that demanded in the petition. Those contentions are raised for the first time on appeal and thus are not properly before this Court because they " 'could have been obviated or cured by factual showings or legal countersteps' in [Supreme Court]" (*Oram v Capone*, 206 AD2d 839, 840 [1994]; *see Bingham v New York City Tr. Auth.*, 99 NY2d 355, 359 [2003]). Moreover, the record establishes that the parties charted their own procedural course (*see Cullen v Naples*, 31 NY2d 818, 820 [1972]; *Corsini v Corsini*, 224 AD2d 209, 210 [1996]) and will not now be heard to complain about that procedure (*see Roller v Buchheit*, 298 AD2d 862, 863 [2002]).

Contrary to the further contention of respondents, the court properly refused to credit the mortgage payments against the rent payments. There was evidence that the mortgage payments were made by Dr. Buran directly to the bank, and those payments may be considered in the dissolution proceeding. We agree with respondents, however, that the court erred in failing to credit the operating expenses and taxes paid by respondents against the amount owed for those items. There was evidence in the record that respondents had made payments for those items, as required by the leases and the 1997 order. We therefore modify the judgment and order by vacating the amount awarded, and we remit the matter to Supreme Court to determine following a hearing, if necessary, the amount of operating expenses and taxes. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.