■ ROBERT A. PRYBA, JR., Appellant, v BARBARA A. PRYBA, Respondent. [894 NYS2d 216]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Devine, J.), entered May 22, 2009 in Albany County, which, among other things, appointed an expert accountant to value plaintiff's business practice and professional license, and (2) from an order of said court, entered August 24, 2009 in Albany County, which denied plaintiff's motion for reconsideration.

Plaintiff appeals, as limited by his brief, from that part of an order of Supreme Court appointing John Johnson as a neutral expert to evaluate plaintiff's certified public accountant license and business practice in relation to the parties' divorce action.* As an initial matter, we do not agree with defendant's contention that an order of this nature (*see* 22 NYCRR 202.18) is not appealable as of right (*see e.g. Corsini v Corsini*, 224 AD2d 209 [1996]; *Zirinsky v Zirinsky*, 138 AD2d 43 [1988]). Nor are we persuaded by defendant's claim that plaintiff failed to preserve his challenge to the appointment. By submission of a letter to the court prior to entry of the order, plaintiff advanced the same arguments he makes on appeal; specifically, that Johnson should not be appointed as a neutral expert because the accounting firm with which he is affiliated is a direct competitor of plaintiff's firm, and because Johnson's firm had previously negotiated for the purchase of plaintiff's firm. Plaintiff now asks this Court to find that Supreme Court abused its discretion in designating Johnson.

Notably, in a matrimonial action, Supreme Court is autho-

* Plaintiff also appeals from the denial of his subsequent motion to reargue and/or renew. However, insofar as the motion was for reargument, no appeal lies; insofar as the motion was for renewal, plaintiff has abandoned the appeal by failing to address the issue in his brief (*see Matter of Hargett v Town of Ticonderoga*, 25 AD3d 981, 981 n [2006]).

rized to appoint an independent appraiser to value marital property for purposes of equitable distribution (*see* 22 NYCRR 202.18; *Banker v Banker*, 56 AD3d 1105, 1107-1108 [2008]; *Haymes v Haymes*, 157 AD2d 506, 507 [1990]; *Zirinsky v Zirinsky*, 138 AD2d at 44). A court's decision in that regard will not be disturbed absent an abuse of discretion (*see Corsini v Corsini*, 224 AD2d at 209; *Haymes v Haymes*, 157 AD2d at 507). In this matter, Supreme Court did not set forth its reasoning for rejecting plaintiff's arguments against Johnson's appointment; accordingly, it is difficult to determine whether the court abused its discretion. Under these circumstances, we must reverse that part of the order that appointed Johnson and remit the matter to Supreme Court so that it may articulate its rationale or, in its discretion, appoint another independent appraiser.

In light of the foregoing, we need not address plaintiff's remaining contentions.

Spain, Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order entered May 22, 2009 is modified, on the law, without costs, by reversing so much thereof as appointed John Johnson as an independent appraiser; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order entered August 24, 2009 is affirmed, without costs.