*773 Contrary to the defendant’s contention, the Supreme Court properly appointed a neutral appraiser to value his enhanced earnings capacity due to his medical license, certifications, and additional professional training, since the enhanced earnings capacity due to the license, certifications, and additional training is a marital asset which potentially has a residual economic value independent of the value of his medical practice (see McSparron v McSparron, 87 NY2d 275, 285-286 [1995]). The Supreme Court also properly directed the neutral appraiser to conduct a valuation of the plaintiffs enhanced earnings capacity due to her teaching degrees and certification.
There is no merit to the defendant’s contention that the doctrine of law of the case barred the Supreme Court from appointing an appraiser to value his enhanced earning capacity due to his medical license, certifications, and additional professional training (see Light v Light, 64 AD3d 633, 634 [2009]; Kopsidas v Krokos, 18 AD3d 822, 823 [2005]).
The defendant’s remaining contention is without merit (see 22 NYCRR 202.18; Pryba v Pryba, 70 AD3d 1109, 1109-1110 [2010]). Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.