Matter of Suozzi v Tax Appeals Trib. of the State of N.Y. (2020 NY Slip Op 00193)





Matter of Suozzi v Tax Appeals Trib. of the State of N.Y.


2020 NY Slip Op 00193


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

528466

[*1]In the Matter of Paul J. Suozzi et al., Petitioners,
v
Tax Appeals Tribunal of the State of New York et al., Respondents.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Paul J. Suozzi and Karen Spencer, East Aurora, petitioners pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for Commissioner of Taxation and Finance, respondent.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a notice of deficiency of personal income tax imposed under Tax Law article 22.
In 2012, petitioners installed a ground source heat pump system to heat, cool and provide hot water for their home. Generally, a ground source heat pump system functions by way of a heat exchanger that is installed in the ground outside the home. The heat exchanger is a piping system that takes heat from the ground, which is generated by solar thermal energy stored in the earth's crust, and transfers it to a heat pump in order to bring heat from the ground into the home during cooler months. Because the heat from the ground is derived from solar radiation, a ground source heat pump system indirectly utilizes solar radiation.[FN1] Due in part to assurance received from their installer, who had contacted the Department of Taxation and Finance, as well as petitioners themselves contacting the Department, petitioners claimed a $5,000 Solar Energy System Equipment Tax Credit for the 2012 tax year. In 2015, petitioners were contacted by the Department's Audit Division seeking additional information regarding the system that they had installed. After petitioners provided this information, the Audit Division found that the tax credit was not applicable to petitioners' ground source heat pump system because it was a "geothermal system[]" and does not "generate heat directly" from solar radiation. Therefore, petitioners owed the $5,000 tax credit, plus interest.
Petitioners attempted to communicate with the Audit Division to resolve the issue, but were unsuccessful and ultimately paid the amount owed to avoid further penalties. Petitioners then sought review of the determination through a hearing with the Division of Tax Appeals. Following the hearing, the Administrative Law Judge found that ground source heat pump systems do not qualify for the tax credit; this determination was affirmed by respondent Tax Appeals Tribunal. Petitioners commenced this CPLR article 78 proceeding in this Court to review the Tribunal's determination.
Petitioners argue that the Tribunal erred in its interpretation of Tax Law § 606 (g-1). Tax Law § 606 (g-1) (1) makes available a tax credit "equal to [25%] of qualified solar energy system equipment expenditures" up to $5,000. As relevant here, solar energy system equipment is defined as "an arrangement or combination of components utilizing solar radiation, which, when installed in a residence, produces energy designed to provide heating, cooling, hot water or electricity for use in such residence" (Tax Law § 606 [g-1] [3] [emphasis added]). Here, the Tribunal limited the applicability of the tax credit to those systems that "directly" utilize solar radiation, an interpretation which petitioners assert is too narrow, citing a legislative intent that Tax Law § 606 (g-1) is to be read broadly and, as such, allow a tax credit for any system that utilizes solar radiation.
A taxpayer seeking a tax credit "bears the burden of proving an unambiguous entitlement thereto, showing that the proffered interpretation of the statute is not only plausible, but also that it is the only reasonable construction" (Matter of Piccolo v New York State Tax Appeals Trib., 108 AD3d 107, 112 [2013] [internal quotation marks and citations omitted]; see Matter of Level 3 Communications, LLC v Erie County, 174 AD3d 1497, 1500 [2019]; Matter of Wilmorite, Inc. v Tax Appeals Trib. of the State of N.Y., 130 AD3d 1388, 1389 [2015]). Importantly, tax credits operate as a type of exemption to taxation, and, consequently, "[s]tatutes creating exemptions must be strictly construed against the taxpayer and, if ambiguity arises, against the exemption, although such statutes should not be interpreted so narrowly as to defeat their settled purposes" (Matter of Purcell v New York State Tax Appeals Trib., 167 AD3d 1101, 1103 [2018] [internal quotation marks and citations omitted], lv dismissed 33 NY3d 999 [2019], lv denied 33 NY3d 913 [2019]; see Matter of Gordon v Town of Esopus, 15 NY3d 84, 90 [2010]). "Discerning a statute's purpose and intent begins with its language; nevertheless, the legislative history of an enactment may also be relevant and is not to be ignored" (Matter of American Rock Salt Co. LLC v Commissioner of Taxation & Fin. of the State of N.Y., 104 AD3d 12, 13 [2012] [internal quotation marks, brackets and citations omitted]). "[U]nless the Department['s construction] is shown to be irrational and inconsistent with the statute or erroneous, it should be upheld" (Matter of Blue Spruce Farms v New York State Tax Commn., 99 AD2d 867, 867 [1984], affd 64 NY2d 682 [1984]). Therefore, "the issue is whether the Tribunal's determination has a rational basis, not whether [the] petitioner's alternative interpretation of the statute is reasonable" (Matter of Astoria Fin. Corp. v Tax Appeals Trib. of State of N.Y., 63 AD3d 1316, 1318 [2009] [internal quotation marks and citations omitted]).
We cannot conclude that petitioners have met their burden here. Initially, we do not agree with petitioners' assertion that the plain language of the statute unambiguously includes ground source heat pump systems simply because they utilize solar energy (see Tax Law § 606 [g-1]). As the record reveals, heat harvested by a ground source heat pump system is not, strictly speaking, "solar radiation" since it is being radiated from the ground after being absorbed by the crust. Thus, although a broad reading of the phrase "utilize[es] solar radiation" could certainly include the system at issue, an interpretation excluding indirect utilization of solar energy is not unreasonable. Further, we find that the fact that the system removes heat from indoor air during the warm summer months and moves it to the ground, thereby not utilizing solar radiation, presents another reason to exclude the system from the purview of the tax credit (see generally Matter of Carlos Li, 2016 WL 3383613, *3, 2016 NY Tax LEXIS 242, *7 [NY St Div of Tax Appeals DTA No. 826508, June 9, 2016]).
Turning to the legislative intent, there can be no debate that the purpose of the legislation is to decrease dependence on fossil fuels, benefit the environment and, most importantly, incentivize homeowners to invest in and take advantage of alternative methods available to heat and cool their homes and provide themselves with hot water (see Sponsor's Mem, Bill Jacket, L 2005, ch 378). However, as recognized by both petitioners and respondent Commissioner of Taxation and Finance, bills were passed by the Senate and the Assembly in 2015 that, if passed, would have expressly added ground source heat pump systems into Tax Law § 606 (see 2015 NY Senate Bill 2905; 2015 NY Assembly Bill 2177).[FN2] Although the proposed amendments were vetoed,[FN3] the fact that the Legislature felt a need to expand legislation to include ground source heat pump systems, rather than simply clarify existing law, strongly supports the Tribunal's conclusion that such systems were not included in the current legislation (see New Medico Assoc. v Empire Blue Cross & Blue Shield, 267 AD2d 757, 759 [1999]; Matter of Stein, 131 AD2d 68, 72 [1987], lv dismissed 72 NY2d 840 [1988]). Therefore, on the record before us, we find the Tribunal's interpretation of the statute to be reasonable and rational, and, as such, its determination will be not be disturbed (see Matter of American Food & Vending Corp. v New York State Tax Appeals Trib., 144 AD3d 1227, 1230 [2016]; Matter of Wilmorite, Inc. v Tax Appeals Trib. of the State of N.Y., 130 AD3d at 1390; Matter of Blue Spruce Farms v New York State Tax Commn., 99 AD2d at 868).
Garry, P.J., Clark, Mulvey and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Although a ground source heat pump system also cools the home during warmer months, solar radiation is not used for that purpose; rather, the system works in reverse and takes heat from the house and pumps it back into the ground, thereby cooling by the absence of solar radiation (see Matter of Carlos Li, 2016 WL 3383613, 2016 NY Tax LEXIS 242 [NY St Div of Tax Appeals DTA No. 826508, June 9, 2016]).

Footnote 2: Additionally, numerous bills have been introduced to both the Senate and the Assembly, that, if passed, would likewise specifically add the type of system that petitioners had installed into Tax Law § 606, including a Senate Bill introduced in January 2019 (see 2019 NY Senate Bill 254; 2017 NY Assembly Bill 3490; 2017 Senate Bill 1750).

Footnote 3: These bills were vetoed by the Governor who noted that "it is premature to provide incentives for geothermal energy systems without fully appreciating how these incentives will fit into the State's broader policy framework" (Governor's Veto Memo, Bill Jacket, L 2015, Senate Bill 2905).