Matter of Laertes Solar, LLC v Assessor of the Town of Harford (2020 NY Slip Op 02302)





Matter of Laertes Solar, LLC v Assessor of the Town of Harford


2020 NY Slip Op 02302


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

528301 528703

[*1]In the Matter of Laertes Solar, LLC, et al., Respondents,
v
Assessor of the Town of Harford et al., Appellants.

Calendar Date: February 10, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Hancock Estabrook, LLP, Syracuse (Alan J. Pierce of counsel), for appellants.
Goldman Attorneys PLLC, Albany (Paul J. Goldman of counsel), for Laertes Solar, LLC, respondent.
Cornell University, Ithaca (Jared M. Pittman of counsel), for Cornell University, respondent.



Devine, J.
Appeals (1) from a judgment of the Supreme Court (Guy, J.), entered October 3, 2018 in Cortland County, which granted the application of petitioner Laertes Solar, LLC, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, annul a determination of respondent Assessor of the Town of Harford denying said petitioner's request for a real property tax exemption, and (2) from an order of said court, entered November 30, 2018 in Cortland County, which denied respondents' motion to renew and/or reargue.
The Board of Education of respondent Dryden Central School District (hereinafter school district) adopted a resolution in 2014 to opt out of a tax exemption for, as is relevant here, the value of solar energy systems subsequently installed on real property in the school district (see RPTL 487 [2], [8]). The school district was obliged to file the 2014 resolution with officials at the Department of Taxation and Finance (hereinafter Department) and the New York State Energy and Research Development Authority (hereinafter NYSERDA), but did not file with NYSERDA (see RPTL 487 [8] [a]). Petitioner Laertes Solar, LLC later built a solar energy system (hereinafter the system) on real property within the school district under an agreement with petitioner Cornell University. The property is owned by the State University of New York and under the control of Cornell — and thereby exempt from property taxes — but the agreement between Cornell and Laertes reflects that the latter "own[ed] and maintain[ed]" the system (see Education Law § 5712; RPTL 404). Respondent Assessor of the Town of Harford accordingly determined that Laertes owned the system, created a new tax parcel for it and assigned it a school taxable value for the 2017 assessment rolls. Laertes applied for a tax exemption pursuant to RPTL 487 that was denied (see RPTL 487 [6]).[FN1]
Laertes paid the school tax bill under protest, then commenced this combined CPLR article 78 proceeding and action for declaratory judgment arguing, among other things, that the system was tax exempt under RPTL 487 because the 2014 resolution was ineffective. Cornell was granted intervenor status by stipulation of the parties and served an intervenor pleading that largely tracked the petition. Respondents joined issue and thereafter moved to dismiss the amended petition/complaint (see CPLR 3211 [e]; 7804 [f]). Supreme Court denied the motion and, finding that the pertinent facts were undisputed, went further to determine that the system was tax exempt under RPTL 487 and that the petition/complaint should be granted on that basis. Respondents appeal from that judgment, as well as a subsequent order that denied their motion for reargument and/or renewal.[FN2]
RPTL 487 (2) exempts from real property taxation "any increase in the value [of real property] by reason of the inclusion of [a solar energy system] for a period of [15] years." There is no dispute that the school district was entitled to opt out of the exemption and that the 2014 resolution was an attempt to do so (see RPTL 487 [8]). The question is whether the 2014 resolution was effective despite the school district's failure to comply with the statutory direction that the resolution be filed with both the Department and NYSERDA (see RPTL 487 [8] [a]). In answering that question, we will strictly construe the statute against those claiming the exemption, but will not adopt an interpretation "so narrow and literal as to defeat [the statute's] settled purpose" (People ex rel. Watchtower Bible & Tract Socy. v Haring, 8 NY2d 350, 358 [1960]; accord Matter of Gordon v Town of Esopus, 15 NY3d 84, 90 [2010]; see Matter of Suozzi v Tax Appeals Trib. of the State of N.Y., 179 AD3d 1253, 1255 [2020]; Newsday, Inc. v Town of Huntington, 82 AD2d 245, 249-250 [1981], affd 55 NY2d 272 [1982]).
The statute directs that an opt-out resolution "shall be filed" with the Department and NYSERDA (RPTL 487 [8] [a]), mandatory language that, although not determinative, "is ordinarily construed as peremptory in the absence of circumstances suggesting a contrary legislative intent" (People v Schonfeld, 74 NY2d 324, 328 [1989]; accord Matter of Janus Petroleum v New York State Tax Appeals Trib., 180 AD2d 53, 54 [1992]; see Murphy Constr. Corp. v Morrissey, 168 AD2d 877, 878 [1990]; McKinney's Cons Laws of NY, Book 1, Statutes § 171). We are unable to discern a contrary intent. To the contrary, the Legislature carved out the ability for localities to opt out from the previously general tax exemption afforded by RPTL 487 (see L 1990, ch 121, § 5; Mem of State Division of Equalization and Assessment, Bill Jacket, L 1990, ch 121 at 21) and, by detailing how a locality may deprive landowners of a tax exemption to which they would otherwise be entitled, the strong implication is that opting out cannot, "even although there are no negative words, be done in any other manner" (Hardman v Bowen, 39 NY 196, 199 [1868]; see City of Rochester v Bloss, 77 App Div 28, 31-32 [1902], affd 173 NY 646 [1903]). Moreover, when the tax exemption afforded by RPTL 487 was last extended in 2014, the Legislature made clear that the tax exemption furthered the public policy of "spur[ring] the development of renewable energy across New York State" and that changes to the statutory language ensured "fair play for both the taxing jurisdiction and the developer" through proper and timely notice of an opt-out resolution's adoption (Senate Introducer's Mem in Support, Bill Jacket, L 2014, ch 344 at 8). Those aims would both be undermined if the filing requirements of RPTL 487 (8), which enable the creation of a statewide "opt-out" registry that is consulted by renewable energy developers such as Laertes, were deemed to be permissive.
The foregoing examination of "the language of the statute and the legislative intent underlying it" (Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist., 80 NY2d 531, 536 [1992]) leads us to agree with Supreme Court that the filing requirements of RPTL 487 (8) are mandatory and that the 2014 resolution was inapplicable to the system given the school district's failure to meet those requirements during the relevant period (see RPTL 487 [8] [a]). Indeed, although we need not defer to the Department's interpretation of RPTL 487 given that this case presents a question "of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent" (Lorillard Tobacco Co. v Roth, 99 NY2d 316, 322 [2003] [internal quotation marks and citations omitted]; see Matter of Level 3 Communications, LLC v Erie County, 174 AD3d 1497, 1500 [2019]), it is notable that the Department has also taken the position that an opt-out resolution "must be filed" with both it and NYSERDA (NY St Div of Taxation & Fin, Recently Asked Questions About the Real Property Tax Law on the Topic of Solar Energy Systems, available at https://www.tax.ny.gov/pdf/
publications/orpts/legal/raq2-18.pdf). It follows that — even assuming that the system may be viewed as a distinct parcel of real property that may be taxed — Laertes was entitled to the RPTL 487 exemption for which it applied (see RPTL 487 [6]).
Respondents, anticipating the possibility that we would find the 2014 resolution to be inapplicable, further argue that the school district was entitled to demand that Laertes enter into a payment in lieu of taxes (hereinafter PILOT) agreement (see RPTL 487 [9] [a]). To the extent that this argument is properly before us, the school district could require Laertes to enter into a PILOT agreement absent a valid opt-out resolution, but notice of intent to do so had to be given within 60 days of receiving a "written notification [from the owner or developer] of its intent to construct such a system" (RPTL 487 [9] [a]). The school district was aware that the system existed given that it was assessed a taxable value and was notified in writing of that fact by Laertes no later than September 28, 2017, when a check for the taxes due on the system was sent with correspondence from Laertes reserving its right to contest the bill. The school district did not notify Laertes of its intent to require a PILOT agreement until December 19, 2017, over 60 days later. Thus, having failed to comply with the requirements set forth by RPTL 487 (9), the school district may not demand a PILOT agreement.
Finally, respondents acknowledged at oral argument that the 2014 opt-out resolution had not been properly filed and that the only question under RPTL 487 was the legal effect of that failure, and Supreme Court granted the petition/complaint on that issue alone. Their present argument that Supreme Court improperly granted the petition/complaint without giving them an opportunity to conduct further discovery — to the extent that it relates to the RPTL 487 issue actually decided by Supreme Court — is unpreserved, as well as without merit (see General Elec. Capital Corp. v Highgate Manor Group, LLC, 69 AD3d 992, 993-994 [2010]). In view of the foregoing, we need not reach the parties' arguments regarding alternate grounds for holding the system to be exempt from real property taxation.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment and order are affirmed, without costs.



Footnotes

Footnote 1: The school district adopted and properly filed a second opt-out resolution in 2017, but there is no dispute that the 2017 resolution does not apply to previously constructed projects like the system.

Footnote 2: With regard to respondents' appeal from the order denying their motion for reargument and/or renewal, the denial of the former is not appealable and respondents abandoned issues relating to the latter by failing to raise those points in their brief (see Pryba v Pryba, 70 AD3d 1109, 1109 n [2010]).